[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANIDUM OF DECISION
Charissa Willette, petitioner, was charged with the murder of a 25-year old man with whom she co-habitated. The State filed a substituted information of Manslaughter in the First Degree, a class B felony which provides a maximum period of incarceration of 20 years. The petitioner was convicted by plea and had the right to argue for a lesser sentence than the 20-year maximum. The petitioner received a sentence of 20 years, execution suspended after 17 years incarceration, to be followed by 5 years of probation. It is this sentence petitioner seeks to have reviewed.
At the hearing before the Division counsel for the petitioner indicated that at the time of the incident the petitioner was 18 years of age with no prior criminal history. Counsel indicated the petitioner was "a candidate for a troubled relationship with a troubled young man." Counsel related that the victim had a pre-existing brain injury and had "patent impulsivity."
Counsel for petitioner related that the assault which resulted in the victim's death was comprised of "one stab wound" and that the petitioner was trying to protect herself from the assaultive behavior of the victim. Counsel opined that the sentence imposed is inappropriate in that it is too harsh for an 18-year old with no prior criminal history. Counsel related that the protection of the public is not served by the extended incarceration of the petitioner.
The petitioner addressed the Division and apologized to both families affected by the death. The petitioner related that her relationship with the victim was filled with violence and turmoil.
The counsel for the State countered that the evidence was clear that this was an intentional killing. Counsel for the State related that the CT Page 2858 trajectory of the knife wound, downward into the victim's chest, combined with the damage inflicted by the knife to the door frame at the place of the assault clearly established that the act by petitioner was intentional.
Counsel for the State requested that the sentence be raised to the 20-year maximum.
The sentencing court indicated that the assault was "no accident." Due to her age at the time of the assault and the "emotional underpinnings of this particular act" the court did reflect these factors into the sentence.
The Division did review an extensive "Memorandum In Aid of Sentencing" provided by petitioner's counsel.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provisions of Connecticut Practice Book § 43-23
et seq., and Connecticut General Statute § 51-194 et seq.
The petitioner is directly responsible for taking the life of another human being. The sentence imposed is neither inappropriate nor disproportionate.
In reviewing the record as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
THE SENTENCE IS AFFIRMED.
 MIANO, J. HOLDEN, J. IANOTTI, J.
Miano, J., Holden, J. and Ianotti, J. participated in this decision. CT Page 2859